LARKIN CARDEN *v.* N. J. SPILMAN, S. S. GLENN and I. S. HAMILTON.

#### REDEMPTION.—*Judgment Creditors.*

An execution debtor cannot release his equity of redemption in favor of one judgment creditor so as to defeat other judgment creditors of their right to redeem.

This was a bill filed in Chancery, at Madisonville, to enforce the redemption of land sold at execution sale and purchased by respondent Spilman. After the sale, Spilman, by contract with Hamilton, the execution debtor, obtained an absolute deed to the land for a valuable consideration. Carden, a judgment creditor by several judgments before a Justice of the Peace, tendered to Spilman the money bid at the sale of the land with interest; but Spilman refused to treat with him and rode off.

The Court below decreed a sale of the lands to satisfy, first the amount bid at the sale; then the amount of Carden's debts.

GREEN, J. :

The decree is unusual but less advantageous to the complainant than it should be. If he had chosen, the land ought to have been decreed to him. The refusal to treat does away with the necessity of a tender, and also of the offer required by the statute to credit the execution of complainant with the amount of ten per cent. on the amount bid at the sale. (1)

At any rate the purchaser cannot insist upon this, as it is purely for the benefit of the execution debtor.

(1) Effect of tender and refusal, and remedy. Hawkins v. Jamison, Mar. & Yerg. 83; Bumpas v. Gregory, 8 Yerg. 46.

The debtor cannot release his equity of redemption so as to defeat other judgment creditors of their right to redeem. Decree affirmed with the condition that the land when sold shall pay upon Carden's debt ten per cent. of the amount bid at the original sale. (1)

*Decree affirmed.*

(1) Judgment creditor may redeem, when and how, Code 2128, 2129, (taken from Act of 1820, ch. 2, sec. 3.) Elliott v. Paton, 4 Yerg. 10; Hawkins v. Jamison, Mar. & Yerg. 90; Woods v. McGavock, 10 Yerg. 133; Chester v. Greer, 5 Humph. 26; Wood v. Morgan, 4 Humph. 374; Carter v. Foster, *Infra ;* Hill v. Walker, 6 Cold. 424.