631 So.2d 555 (1994)
STATE of Louisiana, Appellee,
v.
Alvin Lee THOMPSON, Appellant.
No. 25583-KA.
Court of Appeal of Louisiana, Second Circuit.
January 19, 1994.
*556 Ross E. Shacklette, Bossier City, for appellant.
Richard P. Ieyoub, Atty. Gen., James M. Bullers, Dist. Atty., Whitley R. Graves, Asst. Dist. Atty., for appellee.
Before SEXTON, NORRIS and STEWART, JJ.
STEWART, Judge.
Alvin Thompson was charged with armed robbery. He was allowed to plead guilty to attempted first degree robbery. He was sentenced to ninety-six months (eight years) in prison at hard labor without benefit of parole, probation, or suspension of sentence. Thompson appeals his sentence alleging that it is excessive and that the sentencing judge did not comply with the Louisiana Felony Sentencing Guidelines. For the following reasons, we affirm.

FACTS
On February 27, 1992, Alvin Thompson accompanied by Dewayne Leftridge and Ray Scott went to Red River Chevrolet in Bossier City, Louisiana, and asked to test drive a vehicle. Bobby DePrang, a Red River Chevrolet salesperson, eventually agreed to let them test drive a Chevy Blazer. Deprang sat in the passenger seat while Leftridge drove. Thompson sat in the back seat with Scott.
They drove eastbound on I-20, just west of Airline Drive, traveling at approximately 90 miles per hour. Leftridge and Scott pulled out weapons and all three men demanded that the victim give his valuables to them. DePrang, fearing that he would be killed regardless of his compliance with their demands, jumped out of the Chevy Blazer and landed on the pavement of I-20.
It is estimated that after hitting the pavement, DePrang traveled an additional 92 feet before coming to rest on the side of the road where he was found. He suffered a concussion, lacerations on his face, three holes in his head, three displaced disks, mashed nerves in his neck, cervical spine damage, and brain damage. He has also suffered emotional and psychological distress. Because of his physical, mental, and emotional injuries, he has been unable to continue his career as an automobile salesperson.
Thompson was eventually arrested in Texas and returned to Louisiana for trial. He was initially charged with armed robbery. *557 Pursuant to a plea bargain agreement, he was allowed to plead guilty to attempted first degree robbery. Under the felony sentencing guidelines, Thompson was exposed to twenty-four to forty-eight months of imprisonment. The trial court departed from the guidelines' recommendation and sentenced Thompson to ninety-six months (eight years) without the benefit of parole, probation, or suspension of sentence. Thompson appeals his sentence making four assignments of error.

DISCUSSION

Assignments of Error Nos. 2, 3 and 4
Thompson contends that the trial court unjustifiably departed upward from the Felony Sentencing Guidelines' recommendation. He argues that the trial court was required to state reasons for an upward departure and it failed to do so. Thompson also argues that no aggravating circumstances exist to justify an upward departure. The designated sentence range in the sentencing guidelines grid is the basis for the sentence for any offender convicted of a felony. La.S.G. § 201(A). Sentences greater than the penalty within the designated sentence range should be made when one or more aggravating circumstances, listed in La. S.G. § 209(B), significantly differentiates the particular case from the "typical case." State v. Gibson, 628 So.2d 156 (La.App. 2d Cir.1993); La.S.G. § 209(A)(3); State v. Brown, 616 So.2d 792 (La.App. 2d Cir.1993).
In order for such an aggravating circumstance to serve as a basis for an upward departure, the sentencing court must find that it is present to a degree which significantly enhances the severity of the offense. La.S.G. § 209(B). The court must specify for the record the aggravating circumstances which justify the departure. La.Admin.Code, tit. 22, § 209(A)(5) (West 1993). State v. Smith, 629 So.2d 333, 336-337 (La. 1993).
At the sentencing hearing, the court noted that Thompson's guilty plea to attempted first degree robbery placed him within grid cell 3-G of the sentencing guidelines, twentyfour to forty-eight months. The court also noted the contrast between the statutory penalty range (not less than one and one-half years nor more than twenty years without benefit of parole, probation, or suspension of sentence) and the maximum sentence recommend by the felony sentencing guidelines (four years). The trial court found that the maximum punishment of forty-eight months allowed under the guidelines was not appropriate under the circumstances of this crime and sentenced Thompson to ninety-six months without benefit of parole, probation or suspension of sentence.
One of the aggravating factors that can be used to depart from the sentencing guidelines is "[t]he offense resulted in a significant permanent injury or significant economic loss to the victim or his family." La.S.G. § 209(B)(9). The record indicates that although the trial court did not specifically mention section 209(B)(9) as the aggravating circumstance it was relying upon as the basis for rejecting the felony sentencing guidelines recommendation, the pointed comments of the court make it readily apparent that it deemed the permanent injuries including brain damage suffered by the victim as well as his inability to return to his regular job as atypical circumstances arising out of an attempted first degree robbery case.
Ideally, the trial court should articulate the particular La.S.G. § 209(B) aggravating factor which it is relying on, however, the record in this case makes it quite evident that the significance of the victim's injuries was the aggravating circumstance inducing the trial court's departure from the guidelines. Thus, this assignment of error is without merit.

Assignment of Error No. 1
Thompson's remaining contention in his Motion for Reconsideration filed with the trial court was that the sentence was excessive and out of proportion to the severity of the offense. A sentence violates LSA-Const. Art. 1, § 20 (1974), if it is grossly out of proportion to the seriousness of the offense or nothing more that a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355, 358 (La. 1980). A sentence is considered grossly disproportionate if, when the crime and punishment *558 are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La.App. 2d Cir.1989). A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1993), writ denied, 521 So.2d 1143 (La.1993); State v. Madison, 535 So.2d 1024 (La.App. 2d Cir.1988).
In the present case, the statutory range of punishment for attempted first degree robbery is imprisonment at hard labor for not less that one and one-half years and for not more that twenty years, without benefit of parole, probation, or suspension of imposition or execution. LSA-R.S. 14:64.1(B) and 14:27(D)(3). Thompson was sentenced to eight years imprisonment at hard labor without benefit of parole, probation or suspension of sentence. Thus, the sentence imposed upon Thompson was within the statutory limits and is less than half of the statutory maximum.
Deprang suffered considerable physical and emotional injuries as a result of this crime. These injuries caused Deprang severe pain which he was still taking medication for almost a year after the accident. His physical and emotional injuries have prevented him from returning to his job at Red River Chevrolet or any other job in which he must deal with the public. His salary went from approximately $37,000 per year to the $295 maximum allowed by workmen's compensation. Considering the heinous nature of the crime and particularly the devastating injuries suffered by the victim, it cannot be said that Thompson's sentence of eight years shocks our sense of justice nor can it be said that the trial court abused its discretion. This assignment of error has no merit.
Pursuant to LSA-C.Cr.P. Art. 920(2), we examined the record for error patent and found none.

CONCLUSION
In this case, the trial court stated for the record sufficient aggravating circumstances to justify its upward departure from the felony sentencing guidelines. Moreover, the sentence imposed by the trial court is not constitutionally excessive. Thompson's sentence is affirmed.
AFFIRMED.