|1BROWN, Judge.
Defendant, Kelly Rhea Hoggard, pled guilty to reduced and unrelated felony charges of simple burglary, forgery and distribution of a schedule IV controlled dangerous substance.[1] Due to defendant’s extensive criminal history, he was ineligible for parole.[2] The trial court’s intent was to impose consecutive sentences which together totaled the maximum time recommended by the Felony Sentencing Guidelines (FSG). The PSI report indicated that the sentencing range suggested by the FSG for the three offenses was 198-222 months. Defendant was sentenced to consecutive terms of 74 months on each charge for a total of 222 months (18⅛ years) at hard labor.
Motions to reconsider the sentences were filed in the trial court. Defendant argued that the calculation in the PSI report was wrong. On reconsideration, the trial court let the sentences stand because the actual time given on each offense (74 months) was within the statutory range for each particular charge.
Defendant appeals, making the same argument in this court. For the purpose of judicial efficiency, the appeals on each charge were consolidated. State v. Hoggard, No. 26,858-KA, 26,859-KA, 26,860-KA, (07/21/94). We affirm.
DISCUSSION
The FSG are merely advisory. The procedure for determining the recommended range for consecutive sentences is set forth in La.S.G. § 215(C). Because of defendant’s criminal history, the FSG recommended a sentencing range |2of 144-120 months on the *407 distribution charge, 120-96 months on the burglary and 72-60 months on the forgery. The maximum statutory term, however, for the distribution charge was 120 months. Under § 215(C), the method for calculating the recommended time in consecutive sentencing cases is to start with a “base range” by taking the longest term recommended by the FSG and then adding one half of the minimum sentence recommended for the other offenses. In this case, the longest sentence recommended by the FSG was for distribution of C.D.S. (144-120 months). Thus, the calculation relied upon by the trial court provided for a sentencing range of 198 to 222 months.[3]
Defendant contends that because the statutory maximum for the distribution charge was only 120 months, the trial court’s calculations should have used as the “base range” the recommendation for simple burglary (120-96 months).[4] Defendant’s argument is not persuasive. La.S.G. § 213 provides that no sentence imposed under the guidelines may exceed the statutory maximum sentence notwithstanding the presence of aggravating factors. In the instant case, the procedure used to calculate the total time recommended for the three consecutive terms allowed for sentences within the maximum statutory limits for each offense.
Further, Louisiana’s Sentencing Guidelines are advisory in nature. State v. Smith, 93-0402 (La. 07/05/94), 639 So.2d 237. The trial court, which must |3consider the guidelines in determining an appropriate sentence, has complete discretion to reject their recommendation and impose a sentence that is not constitutionally excessive and is within the statutory range for the offense. State v. Smith, supra.
In the instant case, the sentences imposed are within the limits provided by the respective statutes. The trial court noted its perception that defendant posed a danger to society. Additionally, defendant’s extensive criminal history and failure to reform was considered.
The record reflects the trial court’s consideration of the guidelines and the articulation of the factors used in imposing sentence. When the trial court has considered the guidelines and has stated a factual basis for the sentence imposed, the reviewing court is limited to the question of constitutional excessiveness regardless of whether the trial court has employed or deviated from the guidelines. State v. Smith, supra; State v. Tuttle, 26,307 (La.App. 2d Cir. 09/21/94), 643 So.2d 304. Thus, the only question is whether the sentences are constitutionally excessive.
A sentence is violative of LSA-Const. Art. 1, § 20 (1974) if it is grossly disproportionate to the severity of the offense or is nothing more than a purposeless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is grossly disproportionate when the crime and punishment, considered in light of the harm done to society, shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Thompson, 25,583 (La.App. 2d Cir. 01/19/94), 631 So.2d 555.
*408 A trial court has wide discretion and without a showing of manifest abuse of this discretion, a sentence will not be set aside as excessive. State v. Square, 483 So.2d 104 (La.1983). We do not find these sentences to be constitutionally Rinfirm, given defendant’s extensive criminal history and consistent failure to reform.
CONCLUSION
For the reasons set forth above, defendant’s sentences are AFFIRMED.
NORRIS, J., concurs in the result.

. Defendant was originally charged with one count of simple burglary of an inhabited dwelling, LSA-R.S. 14:62.2, two counts of forgery, LSA-R.S. 14:72, and four counts of distribution of a schedule IV controlled dangerous substance, LSA-R.S. 40:969.

. Defendant, a seventh felony offender, has five controlled dangerous substance offense convictions and robbery and theft convictions. Additionally, defendant’s criminal history includes numerous arrests, most of which were for drug-related offenses.

.
Base range: 144- 120 months
+ 48 +48 months
+ 30 +30 months
222 - 198 months
(range for distribution of C.D.S.)
(50% of minimum range for simple burglary)
(50% of minimum range for forgery)
Sentencing Range

.
Base range: 120 - 96 months
+ 60 +60 months
+ 30 +30 months
186- 210 months
(range for simple burglary)
(50% of minimum range for distribution of C.D.S.)
(50% of minimum range for forgery)
Sentencing Range