[ jSTEWART, Judge.
Defendant, who was charged with aggravated rape, was convicted of sexual battery following a trial by jury. The trial court imposed a nine-year hard labor sentence. Defendant argues on appeal that the evidence was insufficient to support the verdict and that the sentence is excessive. We affirm.
FACTS
Defendant, James R. Walters, was arrested and charged with aggravated rape of a seven year old boy. The victim, TM, was found by the court to be a competent witness and testified that the incident at issue happened while he was at his grandmother’s house. She had gone to bed, but TM and defendant remained in the living room, watching television. Defendant was on the couch. He told TM to come over, and took out his private part. Defendant told TM to suck it, forcing him to do so. TM testified that he didn’t want to do that. Defendant then made TM turn around and defendant pulled TM’s pants down, bent him over, and performed anal intercourse on the child. He also fondled the boy’s genitals.
Gertie Marshall, with whom defendant had an intimate relationship, testified that on the date charged, February 27-28, 1993, she, defendant, and TM were at Gertie’s daughter’s trailer. TM’s mother was at Gertie’s house at the time. Gertie confirmed that defendant *682 and TM had been watching TV, and that she left them alone in the room. During the night, TM leaped into bed with her. Defendant came in and told TM to leave Gertie alone.
Several days later, Gertie noticed that TM’s mouth was swollen. She asked him what was wrong. He cried out that defendant, whom he called “Papa,” forced him to perform fellatio, fondled his genitals, and engaged in anal intercourse with him. Gertie had TM tell his mother, Karen, what had happened. Karen called |2defendant on the telephone. Before she could say what the boy had told her, defendant said TM was lying.
Dr. Meade O’Boyle, a pediatrician, testified that she had specialized training and experience in child sexual abuse cases. The trial court accepted her as an expert witness without objection. She explained that she had interviewed and examined TM. The boy told her what defendant had done. TM correctly pointed to his penis when asked what his private part was. Dr. O’Boyle conducted an examination of TM’s anus which revealed medical conditions consistent with anal penetration, i.e. sexual abuse.
TM’s mother, Karen Marshall, testified consistent with the testimony of her son and her mother.
Detective Lansing testified that he investigated the case. He gave a synopsis of who he got information from, including the doctor’s report, and his interview of defendant. Defendant told the detective that he’d had a few beers, but he had not touched the boy, and he didn’t remember anything happening.
DISCUSSION
By his first assignment of error, defendant asserts that the jury had insufficient evidence upon which to convict him. Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Bellamy, 599 So.2d 326 (La.App. 2d Cir.), writ denied, 605 So.2d 1089 (1992).
|3Sexual battery, LSA-R.S. 14:43.1, in pertinent part, is the intentional touching of the genitals of the victim by the offender using any part of the offender, or the touching of the genitals of the offender by the victim, when the victim is not the spouse of the offender, and the offender acts without the consent of the victim, or where the victim is not yet 15 years of age and is at least three years younger than the offender.
This court’s authority to review questions of fact in a criminal case is limited to the sufficiency-of-the-evidence evaluation under Jackson v. Virginia, supra, and does not extend to credibility determinations made by the trier of fact. LSA-La. Const., Art. 5, § 5(C); State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). A reviewing court accords great deference to a jury’s decision to accept or reject the testimony of a witness in whole or in part. State v. Rogers, 494 So.2d 1251 (La.App. 2d Cir.1986), writ denied, 499 So.2d 83 (1987). The jurisprudence holds that the testimony of the victim of a sex offense is sufficient to prove the elements of the offense. State v. Doby, 540 So.2d 1008 (La.App. 2d Cir.), writ denied, 544 So.2d 398 (1989); State v. Johnson, 446 So.2d 1371 (La.App. 1st Cir.), writ denied, 449 So.2d 1347 (1984).
Defendant testified on his own behalf. He confirmed that he and TM watched TV on the night in question and that he was on the sofa. He confirmed that Gertie went to bed in a back room, but he said at that point he went to sleep and nothing else happened. The jury chose not to believe him. The testimony of TM, corroborated by the testimony of the doctor and the observations of his mother and grandmother, are sufficient to prove the elements of the offense of conviction beyond a reasonable doubt. In fact, the evidence is sufficient to support a |4conviction of aggravated rape beyond a reasonable doubt. This assignment is without merit.
Defendant also argues that the sentence imposed upon him is excessive. He was sentenced to nine years at hard labor, with *683 credit for time served. The sentence is an upward deviation from that which is recommended by the sentencing guidelines.
The Louisiana Sentencing Guidelines are advisory to the sentencing judge. No sentence shall be declared unlawful, inadequate, or excessive solely due to the failure of the judge to impose a sentence in conformity with the sentencing guidelines. La.S.G. § 103(J); LSA-C.Cr.P. Art. 894.1; LSA-R.S. 15:328(B); State v. Loivery, 609 So.2d 1125 (La.App. 2d Cir.1992); State v. Perow, 607 So.2d 888 (La.App. 2d Cir.1992).
According to State v. Smith, 93-0402 (La. 7/5/94), 639 So.2d 237, a trial judge, having properly considered the guidelines, has the complete discretion to reject the guidelines and impose any sentence which is not constitutionally excessive, provided the trial court states for the record the considerations taken into account and the factual basis for the imposition of sentence. Where the trial judge has considered the guidelines and imposed a sentence, adequately stating for the record the considerations taken into account and the factual basis for imposition of that sentence, an appellate court is limited to a review of the sentence imposed for constitutional excessiveness, without regard to whether the trial judge employed or deviated from the guidelines. State v. Smith, supra; State v. Farley, 26,377 (La.App. 2d Cir. 9/21/94), 643 So.2d 300; State v. Walters, 26,647 (La.App. 2d Cir. 12/7/94), 648 So.2d 7.
IsBefore imposing sentence, the trial court reviewed a PSI report and a sentencing guideline report. The court noted that the jury found defendant guilty of a “much lesser crime than the evidence justified.” The sentencing guidelines, based on the offense of conviction and defendant’s lack of prior convictions, placed him in grid cell 4-G. That discretionary zone cell recommended a sentence of 18 to 36 months. However, the court said it intended to depart from that recommendation because the verdict was not truly descriptive of the actual conduct. The court said the offense was aggravated by the youth of the victim and that the child regarded defendant as “a person of some trust and authority being his grandmother’s erstwhile boy friend.” The court then imposed a nine-year hard labor sentence with credit for time J served.
Defendant filed a timely motion for reconsideration. The court denied the motion and filed written reasons, stating that it departed upward because the verdict was not truly descriptive of defendant’s conduct. The court again said the offense was aggravated by the youth of the victim and by the relationship of trust then existing between the victim and the defendant.
The record shows that the trial court properly considered the sentencing guidelines and adequately stated for the record its considerations and the factual basis for the imposition of sentence. Hence, pursuant to the dictates of State v. Smith, we are limited to determining whether the sentence is constitutionally excessive.
A sentence violates LSA-Const. Art. 1, § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La. 161980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La.App. 2d Cir.1989). A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Hiidgins, 519 So.2d 400 (La.App.2d Cir. 1988), writ denied, 521 So.2d 1143; State v. Madison, 535 So.2d 1024 (La.App. 2d Cir. 1988); State v. Thompson, 25,583 (La.App. 2d Cir. 1/19/94), 631 So.2d 555.
Under the statute of conviction, LSA-R.S. 14:43.1, defendant faced imprisonment at hard labor for not more than 10 years. Under the statute charged, aggravated rape, defendant was exposed to a life sentence without benefit.
State v. Landos, 419 So.2d 475 (La.1982), approved a 10-year sentence imposed on a first offender who pled guilty to sexual bat *684 tery where the evidence supported a conviction for rape. State v. Greer, 572 So.2d 1166 (La.App. 1st Cir.1990), affirmed a 6-year sentence imposed on a 48-year-old defendant who sexually battered a 5-year-old child. Defendant, like the defendant here, had no prior convictions, had lived with the victim’s family for several weeks, and refused to admit his guilt.
Thus, it appears that a nine-year sentence for sexual battery by a 49-year-old defendant on a 7-year-old child is not grossly out of proportion to the seriousness of the offense and does not shock the sense of justice. The assignment is without merit.
We note that defendant assigned two other errors, but neither briefed nor argued them. These assignments are therefore deemed abandoned. State v. \ 7Schwartz, 354 So.2d 1332 (La.1978); URCA Rule 2-12.4; State v. Kotwitz, 549 So.2d 351 (La.App. 2d Cir.1989), writ denied, 558 So.2d 1123 (La. 1990).
We have reviewed the record for errors patent and found none. We affirm the conviction and sentence for the foregoing reasons.
AFFIRMED.