hSTEWART, Judge.
In accord with a plea bargain, which secured the state’s agreement to dismiss a charge of aggravated incest, defendant, Jack Dalton Mobley, pled guilty to one count each of sexual battery and molestation of a juvenile, violations of LSA-R.S. 14:43.1 and 14:81.2(C), respectively. The trial court imposed a sentence of 7 years at hard labor for the sexual battery and 10 years for the molestation, with the sentences to be served concurrently. The court denied a timely motion to reconsider. Defendant urges on appeal that the concurrent sentences are excessive. We affirm.
The matters of record show that the defendant, who was 34 years old at the time, fondled the genitals of his 15 year old daugh *536 ter at some time between May 1, 1992 and October 31, 1992. He admitted that on a different occasion he inserted his finger into the vagina of his other daughter, who was 13 at the time. He also admitted attempting intercourse with both the children. The state charged only the offenses involving the older daughter. Defendant was 33 years old when the offenses occurred.
The sentencing court reviewed a pre-sen-tence investigation report, which included a sentencing guidelines worksheet. The judge stated that the guidelines, based on defendant’s lack of criminal record, recommended a sentence of 24 to 48 months if concurrent incarceration sentences were imposed on each- count. The judge noted an undue risk defendant would commit another offense if given a suspended sentence, that he needed correctional treatment, and that any lesser sentence would deprecate the seriousness of the offense. The judge also noted that the victims were defendant’s natural daughters, aged 13 and 15 when the offenses occurred. The offenses occurred on several occasions. Defendant admitted his offenses. There was no way to calculate the emotional damage to the victims. |2Pefendant received a substantial benefit through his plea bargain, and avoided further trauma to his daughters by avoiding a trial.
When, as here, the sentencing judge has considered the guidelines and imposed a sentence, adequately stating for the record the considerations taken into account and the factual basis for imposition of that sentence, an appellate court is limited to a review of the sentence imposed for constitutional excessiveness, without regard to whether the trial judge employed or deviated from the guidelines. State v. Smith, 93-0402 (La. 7/05/94), 639 So.2d 237; State v. Farley, 26,-377 (La.App.2d Cir. 9/21/94), 643 So.2d 300; State v. Walters, 26,647 (La.App.2d Cir. 12/07/94), 648 So.2d 7.
One aggravating circumstance is sufficient to justify an upward departure from the recommended guideline’s grid. State v. Tate, 25,765 (La.App.2d Cir. 2/23/94), 632 So.2d 1213. Here, the court correctly noted that defendant’s offenses involved multiple victims for which separate sentences were not imposed. La.S.G. § 209(B)(11). Also, the court was justified in considering the victims’ relation to the defendant as his daughters as an omnibus aggravating circumstance under La.S.G. § 209(B)(19). Thus, the court’s reference to the victim’s age, also an element of the offense of molestation of a juvenile, is of no import because age was not actually considered as an aggravating circumstance. See State v. Norrell, 614 So.2d 755 (La.App.2d Cir.1993).
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly | gdisproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La.App.2d Cir.1989).
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988); State v. Madison, 535 So.2d 1024 (La.App.2d Cir.1988); State v. Thompson, 25,583 (La.App.2d Cir. 1/19/94), 631 So.2d 555.
Here, defendant engaged in criminal sexual conduct with both his daughters. The state charged only offenses involving one daughter. The offenses committed involved separate victims at separate times; even the charged acts involving one natural daughter occurred at different times, yet the court exhibited leniency by directing the sentences to be served concurrently. The sentence imposed did not involve a fine and was only two-thirds of the maximum term of incarceration possible on the molestation offense.
The sentence imposed does not shock the sense of justice, is not out of proportion *537 to the seriousness of the offense or a needless infliction of pain and suffering, and is not constitutionally excessive. On the showing made, we find no abuse of discretion. Accordingly, the assigned error is without merit. We have also examined the record for error patent and noted none.
DECREE
The defendant’s conviction and sentence are affirmed.
AFFIRMED.