JiBROWN, Judge.
Defendant, Derrick Blunt, and Felicia Brown had a relationship that spanned several years and resulted in the birth of two *871 children. In early December 1994, the relationship abruptly ended with defendant moving from the common domicile in Monroe. Around midnight on December 7, 1994, defendant returned to his former residence and found Ms. Brown at home with another couple and Garland Joseph. Defendant, a large man, confronted Joseph, a much smaller man, and knocked him to the floor. Defendant sat on Joseph’s chest and struck his head against the tile floor several times. Although a disputed fact, the record indicates that defendant then picked up a glass bottle and broke it on Joseph’s face. Joseph died as a result of this beating.
Defendant was charged with second degree murder. A plea bargain was reached and the charge was reduced to manslaughter. In addition, the agreement provided that the statutory maximum term for manslaughter (40 years) would not apply and that the maximum sentencing exposure would be 10 years at hard labor.
Prior to imposing sentence, the trial court reviewed a pre-sentence investigation report and character reference letters. Defendant was then sentenced to 10 years at hard labor. He has appealed, urging excessiveness of the sentence.
The defendant did not plead guilty with an agreed-upon sentence, but rather reduced his maximum exposure from life imprisonment to 10 years. A review of his sentence is compelled by our Supreme Court’s interpretation of La. Const. Art. 1, § 20 (1974). State v. Baxley, 94-2982 (La.05/22/95), 656 So.2d 973.
The PSI discusses the 26-year-old defendant’s personal, employment and criminal history. The court noted the benefits received by the reduction in the charged offense and the sentencing exposure. The trial court also considered the victim’s 1991 aggravated battery conviction. The court, however, concluded that defendant’s presence at Ms. Brown’s residence was inflammatory under the |2circumstances, that he acted without justification and that the district attorney had considered the mitigating factors in reducing the charge and sentencing range.
Whether a sentence is too severe depends on the circumstances of the case and the background of defendant. The trial court has wide discretion in sentencing within statutory limits, and absent a showing of manifest abuse of discretion, this court does not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Thompson, 25,583 (La.App.2d Cir. 01/19/94), 631 So.2d 555. The trial court considered the background of the defendant and the facts of this case. Our review reveals no abuse of discretion. Defendant’s sentence is neither shocking nor excessive. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Thompson, supra.
There are no errors patent.
Defendant’s conviction and sentence are AFFIRMED.
NORRIS, J., concurs in the result.