11 BROWN, Judge.
Defendant, Brian Howe, pled guilty as charged to one count of possession of marijuana with intent to distribute, La.R.S. 40:966. The trial court initially imposed a sentence of five years at hard labor, but after realizing that this sentence was based upon a mistaken impression that defendant had pled guilty to attempted possession with intent to distribute, the court granted the state’s timely motion to reconsider and imposed a sentence of ten years at hard labor.[1] The court thereafter denied defendant’s motion for reconsideration. On appeal, defendant urges that his sentence is excessive. We affirm.

Discussion

The record shows that on April 27, 1995, a confidential informant purchased marijuana from defendant, then related to the Spring-hill police that defendant was selling drugs from his residence. When the police executed a search warrant, they found defendant in possession of 46 packages of marijuana, scales and $298 in cash. Defendant stated that he was selling marijuana to raise money to pay child support.
Defendant’s estranged wife, Theresa Allen (who is not the mother of the child for whom defendant owes support), was a co-defendant *668 in this case. Ms. Allen pled guilty to attempted possession of marijuana with intent to distribute and was sentenced to five years at hard labor. Ms. Allen said that she and defendant had the marijuana because they were trying to “start over” after losing their house and all their possessions in a fire.
Defendant was also sentenced to five years at hard labor. After a motion to reconsider was filed by the state, the trial court resen-tenced defendant, observing that he gave Ms. Allen a five year sentence because she had pled guilty to the ^attempted offense. The court stated that it intended to impose a ten year sentence for the completed offense, noting that defendant was a second felony offender with a prior forgery conviction. Also, the facts indicated to the court that defendant’s involvement in this case was more culpable than his co-defendant’s. The court then noted its awareness of the contents of the PSI report from the prior sentencing proceeding.
First, we note that there was no error in the court’s reimposing sentence per se. The state’s motion to reconsider was timely filed in accordance with La.C.Cr.P. art. 881.1.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Thompson, 25,583 (La.App.2d Cir. 01/19/94), 631 So.2d 555; State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied, 521 So.2d 1143 (La.1988).
Whether a sentence is too severe depends on the circumstances of the case and the background of the defendant. A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La.App. 2d Cir.1989).
Defendant’s ten year sentence is only one-third of the maximum allowed by law and did not include a fine. The quantity of marijuana involved, the manner in which it was packaged and the presence of the scales .show that the 28-year-old defendant was aggressively attempting to profit from his drug operation. In ^addition to the criminal record noted above, defendant had multiple convictions for motor vehicle offenses and a conviction for theft.
There has been no showing of an abuse of discretion. Under the circumstances, the penalty chosen does not shock our sense of justice and is not constitutionally excessive.
We have reviewed the record for error patent; there are none.

Conclusion

For the reasons expressed above, defendant’s conviction and sentence are AFFIRMED.

. The presentence investigation report is confusing; it contains two entries which indicate that defendant pled guilty to the attempted offense and two entries which indicate that he pled guilty to the completed offense.