JiBROWN, Judge.
Defendant, Randall George, pled guilty as charged to six counts of simple burglary, La.R.S. 14:62, in exchange for the state’s agreement that his sentences would run concurrently, that he would not be charged as a multiple offender and that a pending charge of unauthorized use of a movable would be dismissed. Commenting that but for the agreement, defendant would have received a much harsher sentence, the trial court imposed concurrent terms of 12 years at hard labor on each count and denied a timely motion for reconsideration. Defendant, a habitual offender who was on parole when he committed the instant offenses, has appealed, urging that his sentence is excessive. We affirm.

Discussion

The pre-sentence investigation report and other matters of record show that during an eight day period in August 1995, defendant burglarized six residences in DeSoto Parish.
The PSI revealed that defendant was a 28-year-old fifth felony offender. The court noted that but for the plea agreement, defendant’s maximum sentence exposure, without multiple offender enhancement, would have been 72 years at hard labor, plus $12,000 in fines. As a multiple offender, his sentencing range was 20 years to life.
Defendant had three prior felony convictions for simple burglary, one for attempted residential burglary and misdemeanor convictions for criminal damage to property and *879 attempted theft arising from a simple burglary of an automobile.
Defendant had been placed on probation following convictions for burglary-related offenses. His first probation was revoked for failure to report and abide by the conditions of his probation and the second was revoked because of defendant’s commission of a felony offense. Defendant had also been paroled andjjhad his parole revoked twice, once for failure to abide by parole conditions and once because he committed another felony.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Thompson, 25,583 (La.App.2d Cir. 01/19/94), 631 So.2d 555.
The record shows that the trial court considered the criteria set forth in La.C.Cr.P. art. 894.1, including defendant’s claim of drug dependency/abuse.
Based on defendant’s 13-year history of theft and burglary offenses and consistent return to crime, the trial court concluded that defendant was likely to commit further criminal acts. Defendant’s criminal record shows that he is the worst type of offender for whom a maximum sentence is clearly appropriate.
An error patent review reveals no such error.

Conclusion

Defendant’s conviction and sentence are AFFIRMED.