h BROWN, Judge.
Defendant, Tyrone WasMngton, pled guilty as charged to one count of simple burglary, La.R.S. 14:62, and was sentenced to five years at hard labor. Defendant’s timely motion for reconsideration was demed by the trial court. Defendant has appealed, arguing that his sentence is excessive. We affirm.

Facts

The presentence investigation report (PSI) reveals that in November 1995, the 18-year-old defendant and two juveniles broke into the Jack and Jill Headstart Center in Cullen, Louisiana. In addition to damaging the building, the trio stole food items from the cafeteria. One of the juveniles confessed that he and defendant had entered the building to commit the theft.

Discussion

A trial court has wide discretion to sentence within statutory limits. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Thompson, 25,583 (La.App. 2d Cir. 01/19/94), 631 So.2d 555.
La.R.S. 14:62 provides for a fine of not more than $2,000 and/or imprisonment of not more than 12 years, with or without hard labor. Defendant was sentenced to five years at hard labor. In sentencing defendant, the court noted that defendant had changed his story several times. The court also noted that defendant had prior convictions for simple battery and middle grade possession of stolen things, the latter having been bargained down from simple burglary of a church. Furthermore, defendant had committed the instant offense while awaiting sentence on the possession of stolen tMngs conviction, which demonstrated that he was not a suitable candidate for probation.
Defendant’s lack of remorse and scanty employment history were emphasized by the trial court. It was noted that defendant had not attempted to Rmake restitution and that his crime had caused a great economic loss to needy families. Finally, the court determined that defendant was in need of correctional treatment and that any lesser sentence would deprecate the seriousness of the offense.
On this record, we cannot say that the district court abused its broad discretion. Defendant, a healthy, second felony offender, presents no special circumstances wMch would mandate a lesser penalty. The sentence does not shock the sense of justice and is thus not constitutionally excessive.
We have reviewed the record for errors patent and note that defendant was in custody from the date of his arrest, having failed to make bond. The district court neglected to give him credit for time served as required by La.C.Cr.P. art. 880. We therefore amend to allow defendant such credit. See State v. Butler, 25,563 (La.App. 2d Cir. 01/19/94), 631 So.2d 22. No other error patent was noted.

Conclusion

For the reasons set forth above, defendant’s conviction and sentence are affirmed.