# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

TONYA L. SCOTT,  )
  )
  Appellant,  )
  )
  v.  )   C.A. No. N20A-07-008 JRJ
  )
HOMEWOOD SUITES and  )
UNEMPLOYMENT INSURANCE  )
APPEAL BOARD,  )
  )
  )
  Defendants.  )

Date Submitted:  May 25, 2021
Date Decided:  June 22, 2021

## ORDER

1. Appellant Tonya L. Scott appeals from a decision by Appellee Unemployment Insurance Appeal Board (the "Board").[1] In the first instance, the Claims Deputy concluded that Scott was disqualified from receiving unemployment insurance benefits because she voluntarily quit her job with Appellee Homewood Suites without good cause for doing so.[2] The Appeals Referee upheld that decision on appeal,[3] and the Board upheld it on further appeal.[4] Scott has now appealed the

---

[1] R171–74. Citations beginning with "R" refer to the pages of the record that was submitted in this case. Record & Transcript (Trans. ID. 66031849).
[2] R3.
[3] *See generally* R76–79.
[4] *See generally* R171–74.

Board's decision to this Court. For the reasons explained below, the Board's decision is **AFFIRMED**.

2. On August 19, 2019, Scott began working as a kitchen lead at Homewood Suites.[5] At some point, an employee from another department was transferred into the kitchen with Scott.[6] Scott expressed concern about this employee to Caroline Agbemabiese, who was Scott's supervisor at the time.[7] In the following weeks, according to Scott, the employee talked behind Scott's back, spread rumors about her, and caused a number of other issues.[8] Scott came to feel that the employee had created a hostile working environment.[9]

3. Scott later contacted Latrice King, her new supervisor, about the employee; according to Scott, however, King took no action.[10] Scott then contacted Lauren Forland, the general manager, about her concern.[11] Scott and Forland disagree about whether they had a formal meeting, but Forland did tell Scott during their conversation that Scott and the employee would need to find a way to work together.[12] Nothing in the record shows that Scott expressed to Forland that she

---

[5] R15–16.
[6] R31.
[7] R20–21, 90.
[8] R27–28, 37-39.
[9] R27–28.
[10] R28–29, 62.
[11] R62.
[12] *Compare* R24 (describing a formal meeting between Scott and Forland), *with* R47–49 (describing an informal conversation in the kitchen); R51.

2

would quit if Forland did not address the employee's behavior. On another occasion, Scott asked Forland if she could be transferred to a different location to avoid the employee.[13] Forland refused Scott's request because, per the employee handbook, employees were required to work at one location for six months before they became eligible to be transferred to another.[14]

4.     On October 2, 2019, Scott submitted her two-weeks' notice by text message to King.[15] On October 6, 2019, Scott spoke with King to clarify the situation.[16] On October 7, 2019, Scott spoke with Forland and reiterated that she was resigning and stated that she had submitted her two-weeks' notice.[17] Scott was scheduled to work on October 8 and October 9, 2019, but she called out sick on both days.[18] Later on October 9, 2019, King called Scott, accepted her resignation as of October 2, 2019, and told her that she was no longer required to return to work to complete her two weeks.[19]

5.     On December 15, 2019, Scott filed for unemployment insurance benefits.[20] On January 13, 2020, the Claims Deputy issued a decision concluding

---

[13] R28.
[14] R48.
[15] R8, 33.
[16] R53.
[17] *Id.*
[18] R40-41, 54–55.
[19] R55.
[20] R1.

that Scott was disqualified.[21]  The Claims Deputy found that Scott had resigned as of October 16, 2019.[22]  In a resignation case, the Claims Deputy explained, the claimant has the burden of showing good cause for resigning, such as "a substantial reduction in wages or hours or a substantial change in the original agreement of hire which represents a change in the working conditions to the employee's detriment."[23]  In the Claims Deputy's view, Scott did not show good cause for her resignation.[24]

6.    On January 23, 2020, Scott appealed the Claims Deputy's determination to an Appeals Referee.[25]  On February 18, 2020, the Appeals Referee held a hearing, which Scott and Forland attended.[26]  On February 27, 2020, the Appeals Referee issued her decision affirming the Claims Deputy's decision.[27]  Specifically, the Appeals Referee concluded that Scott "voluntarily left her work without good cause attributable to her work.  Therefore, pursuant to Title 19, Section 3314(1) of the Delaware Code, [Scott] is disqualified from the receipt of unemployment insurance benefits . . . ."[28]

---

[21] *Id.*
[22] R3.
[23] *Id.*
[24] *Id.*
[25] R1.
[26] R10–75.
[27] R76–79.
[28] R79 (emphasis omitted).

4

7.    On March 6, 2020, Scott appealed the Appeals Referee's decision to the Board.[29] Due to the impact of COVID-19, the Board postponed Scott's in-person hearing;[30] a telephonic hearing was ultimately held on May 6, 2020.[31] No one representing Homewood Suites appeared at the telephonic hearing.[32] On May 29, 2020, the Board issued its decision affirming the Appeals Referee's decision.[33] The Board found that there was "no dispute that [Scott] left her work voluntarily."[34] Hence, the Board—like the Appeals Referee and the Claims Deputy—determined that 19 *Del. C.* § 3314(1) applied.[35] Under that paragraph, the Board explained, Scott had the burden to show that she voluntarily left Homewood Suites for good cause."[36] After discussing the relevant case law, the Board concluded that Scott did not meet her burden, so she was disqualified from receiving benefits.[37] On July 31, 2020, Scott appealed to this Court.[38]

8.    The Court reviews a decision of the Board for legal error and to determine whether the Board's factual findings are supported by substantial

---

[29] R81.
[30] R85.
[31] *See generally* Tr. of UIAB Hr'g (Trans. ID. 66031849).
[32] R172.
[33] R171–74.
[34] R172.
[35] *Id.*
[36] *Id.*
[37] R172–73 (citations omitted).
[38] Notice of Appeal (Trans. ID. 65815759).

evidence in the record.[39]  "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[40]  The Court does not weigh evidence or make credibility determinations.[41]

9.      19 *Del. C.* § 3314 governs disqualification from unemployment insurance benefits.[42]  "Under 19 *Del. C.* § 3314(1), an individual cannot qualify for unemployment benefits where that individual leaves [']work voluntarily without good cause attributable to such work . . . .'"[43]  The Supreme Court of Delaware has elaborated on this paragraph:

> As used in § 3314(1), good cause "must be such cause as would justify an individual to leave the ranks of the employed and join the ranks of the unemployed."  Good cause is established if:  "(i) an employee voluntarily leaves employment for reasons attributable to issues within the employer's control and under circumstances in which no reasonably prudent employee would have remained employed; and (ii) the employee first exhausts all reasonable alternatives to resolve the issues before voluntarily terminating his or her employment."[44]

The Supreme Court has also stated that Section 3314(1) contains an "exhaustion" requirement:

---

[39] *Anderson v. Unemployment Ins. Appeal Bd.*, 2021 WL 1986570, at * 2 (Del. Super. Ct. May 13, 2021) (citations omitted) (quoting *Wilson v. Unemployment Ins. Appeal Bd.*, 2011 WL 3243366, at *2 (Del. Super. Ct. July 7, 2011)).

[40] *Brown v. Parker's Express, Inc.*, 2016 WL 6156183, at *1 (Del. Oct. 21, 2016) (quoting *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981)).

[41] *Anderson*, at *2 (citing *Byrd v. Westaff USA, Inc.*, 2011 WL 3275156, at *1 (Del. Super. Ct. July 29, 2011)).

[42] 19 *Del. C.* § 3314.

[43] *Thompson v. Christiana Care Health Sys.*, 25 A.3d 778, 782 (Del. 2011) (quoting 19 *Del. C.* § 3314(1)).

[44] *Brown v. Parker's Express, Inc.*, 2016 WL 6156183, at *2 (Del. Oct. 21, 2016) (quoting *Thompson*, 25 A.3d at 782–83).

Under 19 *Del. C.* § 3314(1), an employee must first exhaust all reasonable alternatives to resolve the issues underlying her employment before voluntarily terminating employment. In order to exhaust all reasonable alternatives, the employee must at least notify the employer of the problem and request a solution. The employee "must also bring the problem to the attention of someone with the authority to make the necessary adjustments, describe the problem in sufficient detail to allow for resolution, and give the employer enough time to correct the problem."[45]

10.   Here, the Board determined that Scott falls within the scope of § 3314(1) because she "left her work voluntarily."[46] This finding is supported by substantial evidence in the record. On October 2, 2019, Scott texted King to submit her two-weeks' notice.[47] And on October 7, Scott reiterated to Forland that she was resigning.[48]

11.   Because Scott falls within the scope of § 3314(1), she had the burden to show good cause for her decision to leave Homewood Suites.[49] The Board found that Scott did not do so, incorporating the Appeals Referee's findings.[50] The Appeals Referee found that Scott had brought her concerns about the employee to her

---

[45] *Thompson*, 25 A.3d at 784–85 (first citing *Calvert v. State, Dept. of Labor & Workforce Develop., Empl. Sec. Div.*, 251 P.3d 990, 1001–02 (Alaska 2011); and then quoting *Calvert*, 251 P.3d at 1001–02)).
[46] R172.
[47] R8, 33.
[48] R53.
[49] *Green v. Macy's*, 2018 WL 2058717, at *2 (Del. May 1, 2018) (citation omitted) ("The burden of establishing good cause rests with the employee claiming benefits.").
[50] R173 (quoting 19 *Del. C.* § 3320) ("The Board may affirm 'any decision of an appeal tribunal on the basis of the evidence previously submitted in such case . . . .'"); *id.* ("[Scott's] testimony before the Board was substantially similar to that presented to the Referee. The Board can find no error of law in the Referee's decision.").

7

supervisor and the general manager but never to human resources; thus, Scott did not exhaust her administrative remedies.[51] The Appeals Referee also found that Scott did not inform anyone at Homewood Suites that she would resign unless her concerns were addressed, so Scott did not give Homewood Suites adequate notice before she resigned.[52] Finally, in line with these other findings, the Appeals Referee found that Scott did not give Homewood Suites adequate time to address her issue before resigning.[53] For these reasons, the Appeals Referee—and, thus, the Board—concluded that Scott failed to show good cause for voluntarily terminating her employment with Homewood Suites.[54] The Court finds no error of law and concludes that substantial evidence supports the findings of fact below. Accordingly, the decision of the Board is **AFFIRMED**.[55]

---

[51] R78.

[52] *Id.*

[53] *Id.*

[54] *Id.*; 173.

[55] Scott also raises four procedural issues in her Notice of Appeal: (1) "The appropriate steps were not followed by the moderator in that evidence . . . disallowed use of information presently being used to further deny [Scott] unemployment benefits"; (2) Homewood Suites failed to appear[,] and the Moderator of the initial hearing called them to get them to participate in the initial hearing"; (3) Scott's case was decided "without her rebuttal"; and (4) "Gregory Kopay has too many hats . . . (Secretary of the Board, Moderator of the hearing and Supervisor)." As for Scott's first issue, it is unclear whom "the moderator" refers to. If Scott means to the Appeals Referee, then there is nothing in the record to suggest that the Appeals Referee committed any procedural error. In fact, the record shows that the Appeals Referee carefully elicited testimony from both from Scott and Forland. And the Appeals Referee properly refused to consider documentary evidence that she did not receive from Forland prior to the hearing. R52–53. As for Scott's second issue, if Scott means to argue that the Appeals Referee improperly called Forland to get her to participate in the hearing, then there is nothing in the record to support this, and, moreover, Scott failed to raise that issue before the Appeals Referee in the first instance. As for Scott's third issue, the Court understands Scott as arguing that she should have had an opportunity to rebut Homewood Suites's evidence at the Board hearing but could not do so because Homewood Suites did not appear. The

8

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the decision of the

Unemployment Insurance Appeal Board is **AFFIRMED**.

**IT IS SO ORDERED.**

*Jan R. Jurden*

_____

Jan R. Jurden, President Judge

cc:  Prothonotary

Court notes, however, that Homewood Suites's absence meant that Homewood Suites did not offer any evidence for Scott to rebut.  Moreover, as the Board noted, the evidence at the Board hearing was substantially similar to the evidence at the Appeals Referee hearing.  Hence, Scott had ample opportunity to rebut Homewood Suites's evidence at the Appeals Referee hearing, a hearing that Homewood Suites attended (through Forland).  Finally, as for Scott's fourth issue, nothing in the record suggests that Kopay, the Board's Administrative Specialist, served as a moderator or otherwise influenced the decision of the Board.  The record reflects only that Kopay was present during the hearing and that Kopay mailed various documents to Scott on the Board's behalf.  R171, 175, 178.  Accordingly, the Court finds no merit in any of Scott's procedural arguments.