448 So.2d 753 (1984)
STATE of Louisiana, Appellee,
v.
Cameron WILLIAMS, Appellant.
No. 15681-KA.
Court of Appeal of Louisiana, Second Circuit.
March 26, 1984.
Jack E. Nossaman, Shreveport, for appellant.
William J. Guste, Jr., Atty. Gen., Paul J. Carmouche, Dist. Atty., Lee Irvin and Catherine M. Estopinal, Asst. Dist. Attys., Shreveport, for appellee.
Before JASPER E. JONES and NORRIS, JJ., and McCLENDON, J. Pro Tem.
NORRIS, Judge.
Defendant, Cameron Williams appeals a conviction of battery of a police officer in violation of La.R.S. 14:34.2. The sole issue presented in this appeal is the sufficiency of the evidence presented to sustain the conviction. After applying the appropriate standard of review, we find that the evidence is sufficient and affirm the conviction.
La.R.S. 14:34.2 provides:
A. Battery of a police officer is a battery committed without the consent of the victim when the offender has reasonable grounds to believe the victim is a commissioned police officer acting in the performance of his duty.

B. Whoever commits the crime of battery of a police officer shall be fined not more than five hundred dollars and imprisoned not less than fifteen days nor more than six months without benefit of suspension of sentence. [Emphasis added.]
Thus, in order to convict a person of the crime of battery of a police officer it must be proven beyond a reasonable doubt that (1) a battery was committed (2) without the consent of the victim (3) when the person committing the battery has reasonable grounds to believe that the victim is a commissioned police officer acting in the performance of his duty.
The defense presented at trial was two-fold; that is, (1) that defendant denied hitting the complaining party and (2) that defendant did not know that the complainant was a police officer acting in the performance of his duty.
*754 The testimony at trial as to the events resulting in this charge is conflicting. Officer John Oden of the Shreveport Police Department testified that on November 19, 1982, he was an officer who was also employed as a security guard at the Georgetown West Apartments in Shreveport. At approximately 10:30 p.m., he received a call from one of the residents of the apartment complex complaining about loud noise emanating from Apartment 1502, the apartment directly below that of the complaining tenant. Oden then dressed and proceeded to the area where he met the complainant, Jesse McGrew. Oden was dressed in a jacket, blue jeans and a police gunbelt and was carrying a long flashlight. After Oden identified himself to McGrew, he went to Apartment 1502 and knocked on the door. Receiving no response, Oden walked to a car parked in front of the building which was occupied and had its headlights on with its motor running. Oden pulled out his police identification which he showed to the occupants and identified himself to Charles Williams as a police officer who was the resident security guard. Williams exited the vehicle appearing to have been drinking. Oden then informed him of the complaint after which Williams began cursing Oden. Oden then informed Williams that he would be evicted on Monday after which Oden proceeded to walk away from the vehicle followed by Williams who was yelling and threatening Oden. Oden arrested Williams for simple drunk after again advising him that he was a police officer.
Before Oden had an opportunity to place Williams in handcuffs, Cameron Williams, who is the defendant herein and the brother of Charles, approached Oden and attempted to dissuade Oden from arresting his brother. Oden responded that it was too late because Charles was already under arrest. Defendant then cursed Oden and threatened to do him bodily harm. Oden ordered defendant to leave three times. When he refused, Oden informed defendant that he was a police officer and that defendant was under arrest for trespassing. After defendant was arrested, he again threatened Oden with bodily harm and made a move toward him with clasped hands. In an attempt to protect himself, Oden responded by taking a swing at defendant with a flashlight which missed defendant and hit Charles. Oden was then approached in what he testified was a menacing manner by several companions of Charles and the defendant after which he drew his service revolver and told them to stay back. Thereafter, defendant attempted to strike Oden in the face with his right fist and Oden was able to deflect the blow with his right forearm. [It is this particular incident that forms the basis of the conviction appealed from.]
Jesse McGrew, the tenant who lodged the original complaint with Oden, testified that he called Oden because of the loud noise. When McGrew went downstairs from his apartment, he met Oden who showed his identification and asked about the disturbance. Oden then went to the apartment which had been vacated after which he approached the occupied car in the parking lot. McGrew observed a portion of the dispute between Oden and the car's occupants before calling the police. Thereafter, from the window of an apartment over the area where the altercation was occurring, McGrew observed several persons involved in a dispute with Oden. McGrew stated that he knew that Oden was an officer when he saw him because he had on a police jacket which he believed had an emblem on the shoulder. He also heard one of the participants in the fracas state that "you shouldn't hit that man, he's a police officer" about three times.
The witnesses called on behalf of the defense consisted of the defendant, his wife, his brother Charles, Charles' wife, Ronnie Williams [also a defendant] and Wanda Tatom, all of whom had attended Charles Williams' birthday party in Apartment 1502. It was the testimony of each of these witnesses that Oden never identified himself as a police officer and that they did not know that he was an officer until other officers arrived on the scene to assist Oden. Additionally, each witness denied *755 having seen defendant strike Oden, and defendant denied striking Oden. The thrust of their testimony was that after they left the birthday party they were conducting themselves in an acceptable manner when approached by a man whom they did not know after which three of them, including defendant, were arrested for unknown acts.
After hearing all of the testimony, the trial court found Oden a credible witness and the defendant guilty. In order for us to reverse this conviction, it would be necessary that we evaluate the credibility of the witnesses and overturn the trial court on its factual determination of guilt. This is not the function of this court on appeal. See State v. Richardson, 425 So.2d 1228 (La.1983).
Evidence is sufficient to support a conviction when any rational trier of fact, in viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983). Because it is the role of the fact finder to weigh the respective credibilities of the witnesses, an appellate court will not second-guess the credibility determinations of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. State ex rel. Graffagnino v. King, supra. Accordingly, we conclude that any rational trier of fact, in viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of the crime of battery of a police officer beyond a reasonable doubt.
Accordingly, defendant's conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.