l iBROWN, Judge.
A jury of six convicted defendant, Cleveland Fields, Jr., of simple arson with damages valued at less than $500, a violation of La.R.S. 14:52(C). The trial court sentenced defendant to the maximum term of five years at hard labor. Defendant appeals both his conviction and sentence. For the reasons set forth below, we affirm.

Facts

Late at night on September 6, 1994, a trailer home located at 721 Waite Street in Bastrop, Louisiana, was damaged by fire. The trailer was owned by Roosevelt Atkins and his mother, Madie Adkins, and was rented to Mary Tolbert. Both Mr. Atkins and his mother testified that they had not given anyone permission to burn the trailer and Mr. Atkins stated that he spent at least $400 to repair the trailer after the fire.
Ms. Tolbert testified that on the morning of the fire, defendant came to the trailer and attempted to speak to her. She would not let him in because he had threatened her in the past. Ms. Tolbert stated that although they were not romantically involved, defendant “liked” her and had stated that he would do anything for her. He also told her that he had a “graveyard love” for her and that if he saw her with anyone else he was going to “do something.” Ms. Tolbert took these statements as a threat. That evening, Ms. Tolbert went to a club with some friends to celebrate her birthday. She testified that she saw defendant at the club, but she did not speak to him. When she returned to her trailer that night, the fire was already in progress. Ms. Tolbert testified that she lost “everything” in the fire and estimated her loss to be over $200.
On the night of the fire, a group of people had gathered at Bessie May Hymes’ house, which is adjacent to the trailer. Between Ms. Hymes’ yard and the trailer is a row of *1066 bushes and trees. Ms. Hymes was sitting in a track parked in her ^driveway with L.C. Palmer. She stated that she saw defendant in her back yard, on her side of the row of bushes, with a bottle in his hand. Ms. Hymes testified that she saw defendant approach Ms. Tolbert’s trailer, throw the bottle through one of the trailer’s windows, then take off running. Several minutes later, a fire started in the trailer.
After the fire was extinguished, according to Ms. Hymes, she told defendant that she saw him throw a bottle through a window into the trailer and that defendant told her to tell the police that she did not see. him, but someone who looked like him. Ms. Hymes also testified that before the trial, defendant called and offered her money to change her statement.
Officer Mark McKane of the Bastrop Police Department responded to the fire at 721 Waite Street shortly after midnight. He testified that a black female approached him and pointed out defendant as the person who started the fire. Detective Chris Branum of the Bastrop Police Department interviewed Ms. Hymes and, based on this interview, arrested defendant for arson.
James Boyd, certified arson investigator/inspeetor, investigated the fire for the Bastrop Fire Department. He testified that the fire was a fast, hot fire. The burn patterns inside the trailer indicated that the fire started under the back window of the trailer with some sort of accelerant. Mr. Boyd collected a sample of the carpet, a piece of a bottle and a burned rag from the trailer. These items were sent to the crime lab. An accelerant was not found on the items; however, Mr. Boyd testified that if an alcohol-based accelerant was used, it would have burned away or dissipated with water. In his opinion, the fire started with something like a “Molotov cocktail” being thrown through the back window of the trailer.
Defendant testified that he was at Ms. Hymes’ home on the night of the fire. Defendant stated that he was outside speaking with Calvin Green and | gTravelle Perry for most of the evening. According to defendant, he was sitting on the front steps of Ms. Hymes’ house when someone yelled that there was a fire. He and the other men ran to the trailer to try to put out the fire. Defendant denied speaking to Ms. Tolbert that morning or going to the club that night.
Both Calvin Green and Travelle Perry supported defendant’s story. Travelle Perry testified that he was with defendant at Ms. Hymes’ house the entire night of the fire. Calvin Green testified that he was with defendant and Mr. Perry most of the night except for when he and Mr. Perry went inside the house for two to three minutes and defendant stayed outside. According to Mr. Perry, when they returned, defendant was still sitting in the same place as when they went into the house. Neither Mr. Perry, Mr. Green, nor defendant could testify as to what time the fire started.
Defendant was found guilty of simple arson by the jury. The trial court sentenced him to five years at hard labor, the maximum penalty provided by statute. A motion to reconsider was denied by the trial court. Defendant has appealed.

Discussion

Assignment of Error No. 1

Defendant filed a motion for post-verdict judgment of acquittal, which was denied by the trial court. On appeal, defendant urges that the trial court erred in denying his motion because the evidence was insufficient as a matter of law to support the jury’s verdict.
Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements ofjjthe crime proven beyond a reasonable doubt. La.C.Cr.P. art. 821; State v. Bellamy, 599 So.2d 326 (La.App. 2d Cir. 1992), writ denied, 605 So.2d 1089 (La.1992).
This court’s authority to review questions of fact does not extend to credibility determinations made by the trier of fact. La. Const, art. 5, § 5(C); State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). A re *1067 viewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Rogers, 494 So.2d 1251 (La.App. 2d Cir.1986), writ denied, 499 So.2d 83 (La.1987).
In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness’s testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Carey, 628 So.2d 27 (La.App. 2d Cir.1993), writ denied, 94-0018 (La.03/25/94), 635 So.2d 236; State v. Braswell, 605 So.2d 702 (La.App. 2d Cir.1992).
In order to obtain a conviction of simple arson, the state had to prove that defendant intentionally damaged the property of another by an explosive substance or by setting fire to the property without the consent of the owner. La.R.S. 14:52; State v. Combs, 600 So.2d 751 (La.App. 2d Cir.1992), writ denied, 604 So.2d 973 (La.1992).
Defendant asserts that there are three fundamental problems with the testimony of the only eyewitness, Ms. Bessie May Hymes. First, L.C. Palmer, the man in the truck with Ms. Hymes, did not see any of the events described by Ms. Hymes. Second, on cross-examination, Ms. Hymes testified that she did not see whether the bottle was lit at the time it was thrown. Finally, there were two witnesses who testified that they were with defendant immediately prior to the fire and at the time the fire started.
|sWe find that the evidence, viewed in the light most favorable to the state, supports a finding of all of the essential elements of simple arson beyond a reasonable doubt. Ms. Hymes testified that she saw defendant approach Ms. Tolbert’s trailer with a bottle in his hand and throw the bottle through the window. This testimony is consistent with Ms. Tolbert’s testimony of her perception that she was threatened by defendant and with Mr. Boyd’s explanation of how and where the fire started. As stated above, the testimony of one witness, if believed by the trier of fact, is sufficient. State v. Carey, supra. The fact that Mr. Palmer did not see the events described by Ms. Hymes does not negate her testimony. Also, the fact that Ms. Hymes did not see the bottle lit does not require the conclusion that the bottle was not in fact lit prior to being thrown into the trailer.
Finally, the jury obviously did not believe defendant or his alibi witnesses. It is the function of the jury to assess the credibility of the witnesses and to resolve conflicting testimony. As noted by the court in State v. Rogers, supra, a reviewing court accords great deference to a jury’s decision to accept or reject the testimony of a witness in whole or in part.
The evidence, when viewed in the light most favorable to the prosecution, is sufficient for a rational juror to find all of the essential elements of simple arson proven beyond a reasonable doubt.

Assignment of Error No. 2

In this assignment of error, defendant essentially asserts the same argument as urged in his first assignment of error, i.e. that the verdict is contrary to the law and evidence and that the ends of justice would be served if he was granted a new trial.
We review, however, the denial of a motion for new trial only for errors of law and there were none. La.C.Cr.P. art. 858; State v. Wilson, 27,889 (La.App.2d Cir. 04/08/96), 672 So.2d 448.
| (¡Assignment ofEiror No. 3
Simple arson where the damage is less than $500 carries a maximum sentence of five years with or without hard labor. La.R.S. 14:52(C). Defendant was sentenced to hard labor for the maximum five year term to run consecutively with any other sentence.
Defendant was sentenced on December 19, 1995; thus, the Felony Sentencing Guidelines, which were repealed earlier in 1995, were inapplicable. The trial court ordered a pre-sentence investigation report which indicated that this was defendant’s third felony offense. Defendant’s prior convictions were for simple burglary and attempted simple burglary. In sentencing defendant, the trial court stated:
So your status as a third time, three time felony offender all but guarantees you the *1068 máximum sentence Mr., Mr. Fields and that’s what I’m imposing now. It’s the sentence of the court that you be sentenced to five years incarceration at hard labor in the custody of the State of Louisiana, Department of Corrections.
La.C.Cr.P. art. 894.1(C) provides that the court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence. However, where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even when there has not been full compliance with La.C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). Further, La.C.Cr.P. art. 881.4(D) provides that the appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed.
In the instant case, the only factor expressly considered by the trial court was defendant’s prior criminal record. The pre-sentence investigation report, however, was considered and included information on defendant’s background. This record adequately provides a factual basis for the sentence imposed.
We next examine the sentence for constitutional excessiveness.
^Whether a sentence is constitutionally excessive depends on the. circumstances of the case and the background of the defendant. A sentence violates La.Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate when the crime and punishment, considered in light of the harm done to society, shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Thompson, 25,583 (La.App.2d Cir. 01/19/94), 631 So.2d 555.
The trial judge has wide discretion in the imposition of a sentence within statutory limits and such a sentence should not be set aside as excessive absent a manifest abuse of discretion. State v. Thompson, supra.
Defendant was originally charged with aggravated arson. He received a substantial benefit when his charge was reduced by the district attorney to simple arson. With regard to his prior offenses, defendant pled guilty to the first charge of simple burglary and was given a suspended sentence. Two weeks later, he was arrested for attempted simple burglary.
Although defendant’s sentence is the maximum allowed under La.R.S. 14:52, it does not shock a sense of justice, considering defendant’s background and the seriousness of this offense. See State v. Finley, 432 So.2d 243 (La.1983).

Conclusion

For the reasons expressed above, defendant’s conviction and sentence are AFFIRMED.