700 So.2d 575 (1997)
STATE of Louisiana, Appellee,
v.
Booker T. GLADNEY, Appellant.
No. 29791-KA.
Court of Appeal of Louisiana, Second Circuit.
September 24, 1997.
*577 Keele & Associates by Daniel R. Keele, for Appellant.
Richard Ieyoub, Attorney General, James M. Bullers, District Attorney, Schuyler Marvin, Assistant District Attorney, for Appellee.
Before NORRIS, BROWN and GASKINS, JJ.
BROWN, Judge.
A jury found defendant, Booker T. Gladney, guilty of possession of marijuana with intent to distribute, a violation of La. R.S. 40:966A(1). Defendant was sentenced to ten years at hard labor. Defendant appeals his conviction and sentence. We affirm.

Facts
On January 26, 1996, Webster Parish deputies executed a search warrant for defendant's residence at 3066 Fuller Road in Minden, Louisiana. Upon the officers' arrival, they secured several persons in the front yard of the home. As the officers started through the front door, a man subsequently identified as James Sherey was exiting. Deputy Bobby Morgan grabbed Sherey by his shirt and discovered two cellophane bags containing marijuana in his front pocket.
Once inside defendant's residence, the officers found defendant sitting on a sofa in the living room. Defendant informed the deputies that there was marijuana in a pan in the middle room. According to Deputy Morgan, the officers found two or three boxes of zip-lock bags and a set of spring scales on the bed near an aluminum bowl of marijuana. A search of the rest of the residence yielded additional marijuana, six opened boxes of zip-lock bags, two sets of scales, a pager, several packages of rolling papers, several guns and ammunition and $4,989 in small bills. Deputy Morgan stated that the bulk of the cash, $3,855, was recovered from defendant's person. The remainder of the money was found hidden under mattresses, in an old inoperative pipe stove and in a duffel bag.
After the search of the residence was complete, Deputy Morgan returned to the front yard to make sure the suspects in the yard had been secured. While walking past a black Ford truck, Deputy Morgan noticed through the vehicle's open door two cellophane bags of marijuana lying on the seat. Deputy Morgan seized the bags, as well as a pistol, and arrested the owner of the vehicle, Rodney Palmer.
Deputy Jacob Hortman, who inventoried the items recovered from defendant's home, testified that basically every flat surface in defendant's living room, as well as the other rooms in the house, had a leafy type substance on it. Deputy Hortman stated that there was a large bowl containing marijuana in defendant's bedroom, as well as rolling papers, three sets of scales, and six or seven boxes of sandwich bags hidden in various locations. Cash in small denominations was discovered in hiding places throughout the house, as well as on defendant's person. Several weapons were also seized, including six shotguns and several boxes of ammunition.
Deputies Bobby Igo, Steve Cropper and Robert Hayden also testified about the green vegetable residue all through the house. Deputy Hayden further observed marijuana residue inside the washing machine. According to Deputy Hayden, he recovered $3,855 in cash from the person of defendant.
Deputy O.H. Haynes, III testified that the zip-lock bags found at defendant's residence are similar to those used in the trafficking of drugs and that the scales recovered are of the type commonly used in the weighing and measuring of controlled dangerous substances.
Based upon the above evidence, the jury found defendant guilty of possession of marijuana with intent to distribute. The trial court sentenced defendant to ten years at hard labor. Defendant appeals both his conviction and sentence.

*578 Discussion

Assignment of Error No. 1. The evidence was insufficient to prove beyond a reasonable doubt the elements of possession of marijuana with intent to distribute.
Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Bellamy, 599 So.2d 326 (La.App. 2d Cir.1992), writ denied, 605 So.2d 1089 (La.1992).
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of the evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the state. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Lott, 535 So.2d 963 (La.App. 2d Cir.1988).
La. R.S. 15:438 provides that when circumstantial evidence is used to convict, every reasonable hypothesis of innocence must be excluded; however, this statutory rule is not a separate test from the Jackson standard and does not establish a stricter standard of review. Rather, all of the evidence, both direct and circumstantial, must be sufficient to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt. State v. Porretto, 468 So.2d 1142 (La.1985); State v. McKnight, 539 So.2d 952 (La.App. 2d Cir.1989), writ denied, 548 So.2d 322 (La.1989).
This court's authority to review questions of fact in a criminal case is limited to the sufficiency of the evidence evaluation under Jackson v. Virginia, supra, and does not extend to credibility determinations made by the trier of fact. La. Const. art. 5, § 5(C); State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Rogers, 494 So.2d 1251 La.App. 2d Cir.1986), writ denied, 499 So.2d 83 (La.1987); State v. Fields, 29,075 (La.App.2d Cir. 01/22/97), 687 So.2d 1064.
To support a conviction for possession with intent to distribute, the state must prove: (1) possession of the controlled dangerous substance; and (2) intent to distribute it. La. R.S. 40:967 A(1); State v. Lee, 25,917 (La.App.2d Cir. 05/04/94), 637 So.2d 656, writ denied, 94-1451 (La.10/07/94), 644 So.2d 631; State v. Tyler, 544 So.2d 495 (La.App. 2d Cir.1989). One need not actually possess the controlled dangerous substance; constructive possession is sufficient to convict. State v. Tyler, supra. Constructive possession means having an object subject to one's dominion and control, with knowledge of its presence, even though it is not in one's physical possession. State v. Perez, 569 So.2d 609 (La.App. 2d Cir.1990), writ denied, 575 So.2d 365 (La.1991). Factors which may be considered in determining whether the defendant exercised dominion and control sufficient to constitute constructive possession are his access to the area where the drugs were found and his physical proximity to the drugs. State v. Tyler, supra.
Defendant freely admitted to possession of the marijuana at trial, claiming that he smoked about three joints a day. Deputy Haynes testified that the marijuana in the pan would produce approximately 160-165 joints. By defendant's own admission, the marijuana in his house was subject to his dominion and control and he had knowledge of its presence. The first element of the crime, possession of the controlled dangerous substance, has been established.
The test for determining whether intent to distribute exists includes five factors: (1) packaging in a form usually associated with distribution; (2) evidence of other sales or attempted sales by defendant; (3) a large amount or quantity of the drug such as to create a presumption of intent to distribute; (4) expert or other testimony that the *579 amount was inconsistent with personal use; and (5) the existence of any paraphernalia, such as baggies. State v. House, 325 So.2d 222 (La.1975); State v. Lowery, 609 So.2d 1125 (La.App. 2d Cir.1992), writ denied, 617 So.2d 905 (La.1993). Testimony of street value and dosage of the drug is also relevant to the issue of intent. State v. Tornabene, 337 So.2d 214 (La.1976).
Defendant testified that he neither sold nor provided marijuana to anyone and that the marijuana in the house was for his own use. The officers, however, found drug paraphernalia, including three sets of scales, opened boxes of zip-lock bags, hidden money, and weapons. Furthermore, they arrested two persons on defendant's premises who were in possession of marijuana packaged in zip-lock bags.
The jury obviously found the officers to be credible witnesses and returned a guilty verdict. We will not second-guess the credibility determinations of the jury beyond the sufficiency evaluation under Jackson v. Virginia. We find that a rational trier of fact, viewing the evidence in the light most favorable to the state, could have found the essential elements of the crime of possession of marijuana with intent to distribute established beyond a reasonable doubt. This assignment of error is without merit.
Assignment of Error No. 2. The sentence imposed is excessive.
Assignment of Error No. 3. The trial court improperly considered a subsequent arrest and the opinions of the investigative officers in sentencing defendant in the instant offense.
Whether a sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court does not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied, 521 So.2d 1143 (La.1988); State v. Thompson, 25,583 (La.App.2d Cir. 01/19/94), 631 So.2d 555.
A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate when the crime and punishment, considered in light of the harm done to society, shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La. 1985), State v. Strange, 28,466 (La.App.2d Cir. 06/26/96), 677 So.2d 587; State v. Tuttle, 26,307 (La.App.2d Cir. 09/21/94), 643 So.2d 304.
Before sentencing, the trial court reviewed defendant's personal history. Defendant was a single, 51-year-old man who was self-employed as a carpenter. Defendant had completed the seventh grade. The court noted that defendant was a first felony offender with one prior conviction for DWI first offense in 1994. The court noted that defendant had been arrested and charged with possession of marijuana with intent to distribute since the conviction in the instant case. While defendant was in jail on the subsequent charge, a search warrant for defendant's residence was issued and executed and defendant's nephew was arrested. The court further emphasized that defendant was not being punished at this sentencing because of the latter incident; it was simply a part of defendant's background and history. The trial court noted that defendant had a history of drug abuse and that the PSI contained a recommendation by the Webster Parish Sheriff's Office and district attorney expressing strong opposition to defendant receiving any type of probated sentence. Furthermore, probation was not recommended by the probation officer compiling defendant's pre-sentence investigation report.
Taking all factors into consideration, the trial court sentenced defendant to ten years at hard labor. Defendant filed a motion to reconsider sentence, which was denied by the trial court.
The statutory range of punishment for possession of marijuana with intent to distribute is imprisonment at hard labor for not less than five years and not more than 30 *580 years and a fine of not more than $50,000. La. R.S. 40:966 B(2). Defendant was sentenced to ten years at hard labor and was not ordered to pay a fine. The sentence imposed by the trial court is at the lower end of the statutory range.
Given the circumstances of this case, we cannot say that defendant's sentence is constitutionally excessive or an abuse of the trial court's wide discretion. These assignments of error are without merit.

Conclusion
For the reasons set forth above, defendant's conviction and sentence are AFFIRMED.