LKOSTELKA, J.
After an eleven-one jury found Jerry Stanley (“Stanley”) guilty as charged of one count of possession of cocaine with intent to distribute, La. R.S. 40:967, the district court imposed a sentence of fifteen years at hard labor to run consecutively with any other sentence being served. Following denial of his timely motion for reconsideration of sentence, Stanley now argues that the evidence is insufficient to support the conviction and that the sentence imposed is excessive. We affirm.
Facts
On April 17, 1998, Mansfield Police detective Gary Hobbs (“Hobbs”), who was assigned to the Narcotics Task Force, observed a vehicle run a stop sign in Mansfield. After a lengthy, high-speed chase, which included Stanley’s backing his car into Hobbs’s vehicle, Stanley stopped and got out of his car. He appeared to be intoxicated, nervous, agitated and upset, failed sobriety tests and was placed under arrest for a stop sign violation, reckless operation of a motor vehicle, resisting an officer and operation of a motor vehicle while intoxicated.
In an inventory inspection of Stanley’s car, Hobbs found in plain view on the *1210 driver’s side floorboard, “right at the edge of the driver’s seat,” a small zip lock bag-holding an amount of marijuana and a clear plastic bottle containing nineteen rocks of crack cocaine.
Stanley advised several police officers who arrived at the scene that he was an undercover narcotics agent making drug purchases for the Narcotics Task Force. After the drugs were found in Stanley’s car, he was placed under arrest for possession of marijuana, possession of cocaine with intent to distribute and possession of drug paraphernalia. After conviction and sentencing on the charge of possession of cocaine with intent to distribute, Stanley appealed.
| ¡¡Discussion
On appeal, Stanley argues that the evidence was insufficient to support his conviction, because someone else may have planted the contraband in his car and that there was no direct evidence of his intent to distribute the cocaine.
A claim of insufficient evidence is better addressed by a motion for post-verdict judgment of acquittal. See La.C.Cr.P. art. 821. Nevertheless, this court has held that it may also be raised by assignment of error on appeal. State v. Green, 28,994 (La.App.2d Cir.02/26/97), 691 So.2d 1273.
Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Bosley, 29,253 (La.App.2d Cir.04/02/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333; State v. Bellamy, 599 So.2d 326 (La.App. 2d Cir.1992), writ denied, 605 So.2d 1089 (La.1992).
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Owens, 30,903 (La.App.2d Cir.09/25/98), 719 So.2d 610, writ denied, 98-2723 (La.02/05/99), 737 So.2d 747.
1 sThis court’s authority to review questions of fact in a criminal case is limited to the sufficiency-of-the-evidence evaluation under Jackson, supra, and does not extend to credibility determinations made by the trier of fact. La. Const. art. 5, § 10(B); State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). A reviewing court accords great deference to a jury’s decision to accept or reject the testimony of a witness in whole or in part. Bosley, supra.
To support a conviction for possession with intent to distribute, the state must prove: (1) possession of a controlled dangerous substance; and (2) intent to distribute it. La. R.S. 40:967A(1); State v. Lee, 25,917 (La.App.2d Cir.05/04/94), 637 So.2d 656, writ denied, 94-1451 (La.10/07/94), 644 So.2d 631.
When viewed in the light most favorable to the prosecution, we find the evidence sufficient to support Stanley’s conviction.
The only evidence presented in support of Stanley’s claim that someone else placed the drugs in his vehicle without his knowledge was Stanley’s self-serving testimony that at least two unnamed individuals rode in his vehicle on the night in question during his admitted attempts to pay a previous drug debt. The jury obviously rejected this testimony. We find this conclusion to have been a reasonable one in light of the fact that Stanley could not state that he saw someone place the drugs *1211 in the vehicle or identify the “someone else” who he claimed placed the drugs in his car. Moreover, these claims were completely negated by Hobbs’s testimony which indicated that, at the time of the arrest, Stanley sought to justify the presence of the drugs by claiming that he was working undercover for the Narcotics Task Force and did not mention anything about other persons having been in his car.
The remaining testimony shows that Stanley was alone in the vehicle which contained the contraband that laboratory tests confirmed to be cocaine, a controlled dangerous substance. Although Stanley was not shown to physically possess the |4cocaine, it clearly was within his dominion and control; he had access to it and it was easily within his reach. One need not actually possess the controlled dangerous substance; constructive possession is sufficient to convict. State v. Tyler, 544 So.2d 495 (La.App. 2d Cir.1989). Constructive possession means having an object subject to one’s dominion and control, with knowledge of its presence, even though it is not in one’s physical possession. State v. Perez, 569 So.2d 609 (La.App. 2d Cir.1990), writ denied, 575 So.2d 365 (La.1991). Factors which may be considered in determining whether the defendant exercised dominion and control sufficient to constitute constructive possession are his access to the area where the drugs were found and his physical proximity to the drugs. Tyler, supra. Packages of controlled dangerous substances found in a car near the driver generally are found to be within the driver’s constructive possession. State v. Daniels, 614 So.2d 97, (La.App. 2d Cir.1993), writ denied, 619 So.2d 573 (La.1993). In this case, we find that the evidence showing the location of the drugs, Stanley’s initial attempts at “legalizing” his possession of them with his claim to have been working undercover and later attempts at blaming unknown individuals for the presence of the drugs in the car is sufficient, to prove beyond a reasonable doubt Stanley’s guilty knowledge and constructive possession of the drugs.
The test for determining whether intent to distribute- exists includes five possible factors: (1) packaging in a form usually associated with distribution; (2) evidence of other sales or attempted sales, by the defendant; (3) a large amount or quantity of the drug such as to create a presumption of intent to distribute; (4) expert or other testimony that the amount was inconsistent with personal use; and (5) the existence of any paraphernalia, such as baggies. State v. House, 325 So.2d 222 (La.1975); State v. Lowery, 609 So.2d 1125 (La.App. 2d Cir.1992), writs denied, 617 So.2d 905 (La.1993). Testimony of street value and dosage of the drug is also relevant to the issue of intent. State v. Tornabene, 337 So.2d 214 (La.1976); State v. Gladney, 29,791 (La.App.2d Cir.09/24/97), 700 So.2d 575.
Hobbs testified that typical crack users buy one or two rocks at a time and that it was rare to find a mere user with more than three rocks. He also noted that the bottle containing nineteen rocks with a total value of about $380 was consistent with intent to distribute. The conclusion that the cocaine possessed by Stanley was above that normally associated with personal use and intended for distribution is reasonably supported by this testimony as well as the amount and value of the drugs. Accordingly, we find the evidence sufficient to prove possession with intent to distribute beyond a reasonable doubt.
EXCESSIVE SENTENCE
Stanley also argues that his fifteen-year sentence is excessive due to the mitigating circumstance of his “apparent mental deficiency,” a factor upon which he claims the court should have placed greater emphasis.
After reviewing the trial court’s articulation of reasons and the sentence imposed in accordance with the jurisprudential analysis set forth in State v. McKinney, 31,611 (La.App.2d Cir.02/24/99), 728 So.2d 1009, we affirm the sentence. Stanley concedes that the trial court adequately com *1212 plied with La.C.Cr.P. art. 894.1. Nor do we find the sentence to be constitutionally excessive.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, this court will not set aside a sentence as excessive. State v. Square, 438 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App.2d Cir.04/02/97), 691 So.2d 345.
Past records of drug offenses should weigh heavily in the decision to uphold the imposition of even maximum sentences. State v. Jones, 33,111 (La.App.2d Cir.03/01/00), 754 So.2d 392; State v. McNair, 597 So.2d 1096 (La.App. 2d Cir.1992), writ denied, 605 So.2d 1113 (La.1992). There is no requirement that specific matters be given any particular weight at sentencing. Jones, supra; State v. Callahan, 29,351 (La.App.2d Cir.02/26/97), 690 So.2d 864, writ denied, 97-0705 (La.09/26/97), 701 So.2d 979.
Prior to sentencing, the trial court noted that Stanley had been in possession of 6.9 grams of marijuana and nineteen rocks of crack cocaine. The trial court reviewed a Pre-Sentence Investigation (“PSI”) report which revealed Stanley’s lengthy criminal record including a prior conviction for possession of cocaine. The court noted that defendant had a juvenile record and had amassed a record of forty-nine charges since 1974, which included convictions for disturbing the peace, resisting arrest, attempted theft, simple burglaries, theft, auto theft and burglary, simple batteries, unauthorized entry, possession of cocaine, and the instant offense. Based on this record, the court found Stanley to have been a seventh felony offender. The court noted that although “there were some mental health problems” over the years, Stanley was not diagnosed as being mentally ill but had difficulty dealing with peo-pie and often reacted inappropriately. The court also mentioned Stanley’s claim to “addiction” since early 1990. After reviewing this record, the court concurred with the probation officer’s conclusion that there was little hope Stanley would “ever change his ways.”
Although there was not any formal mitigation, the court agreed to consider Stanley’s mental condition as a mitigating circumstance but noted that he had been given numerous opportunities to correct his behavior, though he had failed to do so.
As demonstrated above, the record adequately indicates the trial court was aware of Stanley’s mental condition prior to imposing sentence and considered it as a mitigating factor. Stanley has an extensive criminal record which includes numerous felony offenses, particularly a prior drug conviction. Previous | .^incarceration and probationary treatment have obviously failed to deter this defendant’s criminal propensities. Stanley faced a potential sentencing exposure of five to thirty years at hard labor, with the first five years to be served without any benefits, under La. R.S. 40:967(B)(4)(b). Considering Stanley’s criminal record, the quantity and value of the drugs involved in the present offense, this defendant’s lack of remorse, and his pattern of failure to accept responsibility, we find this mid-range sentence to be well within the trial court’s sentencing discretion and not inappropriate for this offender.[1]
CONCLUSION
For the foregoing reasons, we affirm Stanley’s conviction and sentence.
AFFIRMED.

. We note that the trial court failed to order that the first five years of the sentence be served without benefit of parole, probation or suspension of sentence in accordance with La. R.S. 40:967(B)(4)(b). Because the stale has failed to appeal this sentencing error, however, this court may not correct this illegally lenient sentence, nor may we remand for resentencing. State v. Fraser, 484 So.2d 122 (La.1986).