814 So.2d 725 (2002)
STATE of Louisiana, Appellee,
v.
Stephenson W. STROGEN, Appellant.
No. 35,871-KA.
Court of Appeal of Louisiana, Second Circuit.
April 3, 2002.
Rehearing Denied May 2, 2002.
*726 John M. Lawrence, Shreveport, for Appellant.
Richard Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, Traci Ann Moore, Tommy J. Johnson, Assistant District Attorneys, for Appellee.
*727 Before BROWN, GASKINS & PEATROSS, JJ.
PEATROSS, Judge.
Defendant, Stephenson W. Strogen, was found guilty by a jury of second degree murder. He now appeals, arguing that the evidence was insufficient to support his conviction. For the reasons stated herein, we affirm.

FACTS
On August 25, 2000, Defendant went to a football game at Airline High School located in Bossier City. Also present at the game were the victim, Shamocus Patton, and Marcus Greene, who was a friend of Mr. Patton. After the game, Defendant, Mr. Patton and Mr. Greene went separately to the parking lot of Station One, a club located in Shreveport.
Mr. Greene testified that, while in the parking lot, he saw Defendant point a pistol towards him and shoot; however, Mr. Greene was not able to identify Defendant at trial. Derrick Anderson, a friend of Mr. Patton who was close in proximity to Mr. Greene, testified that Mr. Patton, who was also near Mr. Greene, turned around to walk to the adjacent Taco Bell. As Mr. Patton started to walk, Mr. Anderson heard gunshots and saw that Mr. Patton had been shot; however, he did not see the shooter. Raymond Clark, another friend of Mr. Patton, testified that he saw Defendant pointing a pistol. As a result, he ran into Taco Bell and then heard gunshots.
Anthony Sweeney, an acquaintance of Defendant, testified that he saw Defendant shoot the pistol. Tracy Sweeney, Anthony Sweeney's brother, testified that Defendant was upset and that Defendant admitted to him that he had an altercation with Mr. Greene while at the game. He also saw Defendant shoot the gun.
After the shooting, Defendant left the scene in the car of Lee Jeter, who testified that Defendant admitted to "shooting in the air." Mr. Jeter did not see Defendant shoot the pistol, but he testified that Defendant had the pistol with him in the car immediately after the shooting.
After Mr. Patton was shot, he was transported to the LSU Medical Center where he died from the gunshot wound. It was later determined that the wound was inflicted by a bullet shot from a nine-millimeter pistol. After searching the car of Mr. Jeter, the police retrieved from the car the same nine-millimeter pistol that was used to shoot Mr. Patton.
As previously stated, Defendant was convicted by a jury of second degree murder and argues that the evidence presented at trial was insufficient to support such a conviction.

DISCUSSION
Second degree murder is the killing of a human being when the offender has the specific intent to kill or to inflict great bodily harm. La. R.S. 14:30.1(A)(1). "Specific criminal intent is that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act." La. R.S. 14:10(1).
To challenge a conviction based upon a claim of insufficiency of the evidence, a defendant should proceed by way of urging a motion for acquittal or a motion for post-verdict judgment of acquittal. La.C.Cr.P. art. 778; La.C.Cr.P. art. 821. Defendant filed a motion for post-judgment verdict of acquittal, but the trial court denied the motion.
A conviction must be based upon proof sufficient for any rational trier of fact, viewing the evidence in the light most *728 favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Bellamy, 599 So.2d 326 (La.App. 2d Cir.1992), writ denied, 605 So.2d 1089 (1992).
Under Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981), the accused may be entitled to an acquittal if the evidence does not satisfy the standard of Jackson v. Virginia, supra; State v. Hearold, 603 So.2d 731 (La. 1992). The state, however, is not limited to direct evidence to prove the elements of a crime. "The Jackson standard is applicable in cases involving both direct and circumstantial evidence." State v. Thompson, 33,058 (La.App.2d Cir.4/7/00), 758 So.2d 972. "The rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." La. R.S. 15:438. An appellate court, therefore, must determine that, viewing the evidence in the light most favorable to the prosecution, a reasonable trier of fact could have concluded beyond a reasonable doubt that Defendant was guilty. When circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1982).
The State argues that the doctrine of transferred intent is applicable in this case. When a person shoots at an intended victim with the specific intent to kill or inflict great bodily harm and accidentally kills or inflicts great bodily harm upon another person, if the killing or inflicting of great bodily harm would have been unlawful against the intended victim actually intended to be shot, then it would be unlawful against the person actually shot, even though that person was not the intended victim. State v. Jasper, 28,187 (La.App.2d Cir.6/26/96), 677 So.2d 553, writ denied, 96-1897 (La.2/21/97), 688 So.2d 521. Specific intent may be inferred by the trier of fact from the act of pointing a gun and firing at a person. See State v. Seals, 95-0305 (La.11/25/96), 684 So.2d 368, cert. denied, 520 U.S. 1199, 117 S.Ct. 1558, 137 L.Ed.2d 705 (1997).
Defendant did not testify at trial, called no witnesses in his behalf and did not present a defense. The evidence presented by the State at trial shows that Defendant admitted to getting into an altercation with Mr. Greene at the football game and that Defendant pointed the gun towards Mr. Greene; therefore, the jury could have reasonably inferred that Defendant had the specific intent to seriously injure or kill Mr. Greene. Although Mr. Patton was not the intended victim, but in close proximity to Mr. Greene, we find that the doctrine of transferred intent is applicable and that the requirement of specific intent has been met in this case.
Furthermore, Tracy Sweeney testified that he saw Defendant shoot the pistol. Mr. Clark testified that he saw Defendant pointing a pistol moments before Mr. Patton was shot. Anthony Sweeney testified that he saw Defendant shoot a pistol. Mr. Jeter testified that Defendant had the murder weapon in the car after they fled the scene and that Defendant admitted to "shooting in the air."
While it is true that Mr. Greene testified that he did not have an altercation with Defendant prior to the shooting and could not identify Defendant at trial, this court's authority to review questions of fact in a criminal case is limited to the sufficiency-of-the-evidence evaluation under *729 Jackson v. Virginia, supra, and does not extend to credibility determinations made by the trier of fact. La. Const. art. 5, § 10(B); State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Bosley, 29,253 (La.App.2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333. We conclude, based on Mr. Jeter's testimony concerning Defendant's admission to a prior altercation with Mr. Greene, that the jury could have reasonably found that the altercation occurred.
The jury could have reasonably inferred that Defendant intended to cause serious bodily injury or death upon Mr. Greene because the evidence revealed that he was angry with Mr. Green and pointed a pistol towards him. The jury could have also reasonably concluded that Defendant shot Mr. Patton, as the evidence revealed that he did shoot a pistol and was in possession of the same pistol that was used to shoot Mr. Patton immediately following the shooting.
We find, therefore, that the record contains sufficient evidence to support Defendant's conviction of second degree murder.

CONCLUSION
For the foregoing reasons, the judgment of the trial court finding Stephenson W. Strogen guilty of second degree murder is affirmed.
AFFIRMED.

APPLICATION FOR REHEARING.
Before BROWN, STEWART, GASKINS, PEATROSS, AND DREW, JJ.
Rehearing denied.