BROWN, Chief Judge.
| defendant, Latellas Delanio Moore, a 28-year-old third felony offender, was convicted at a bench trial of possession with the intent to distribute marijuana. His initial 15-year sentence was vacated, and he was adjudicated as a third felony offender. As such, defendant was sentenced to 20 years at hard labor to run consecutively with any other sentence. Defendant now appeals, urging that the evidence was insufficient to support his conviction. We affirm.

Facts

This charge against defendant originated out of a traffic stop on Loreco Street in Bossier City, Louisiana, on January 28, 2010. Defendant, the driver of the vehicle, was charged by bill of information with one count of possession with intent to distribute marijuana, a Schedule I Controlled Dangerous Substance, a violation of La. R.S. 40:966(A).
*610 Defendant waived formal arraignment and entered a plea of not guilty. Defendant changed his plea to guilty on August 17, 2010, but changed it back to not guilty later at the same hearing. Defendant waived his right to a jury trial.
At the bench trial, Officer Jeremy Nelson of the Bossier City Police Department testified that on January 28, 2010, he saw a black Honda Accord on John Wesley Boulevard heading toward Loreco Street with its license plate light out. He stopped the vehicle on Loreco Street outside of the Alexis Park Apartments. The car was driven by defendant. One passenger, Carlos Love, was in the vehicle. Officer Nelson asked defendant to exit the vehicle and performed a pat down search for officer safety. 12Officer Nelson went to the driver’s side window and spoke with the passenger, who stated that his name was Johnny Love. Subsequent investigation revealed that the passenger was in fact Carlos Love (the brother of Johnny Love). While standing at the driver’s side window, Officer Nelson observed an open container in the car, a 24-ounce Bud Light can in the console cup holder. Officer Nelson asked defendant if there was anything illegal in the car, and he admitted that there was an open container in the vehicle. Officer Nelson then handcuffed defendant, who remained calm and cooperative throughout the process, and then performed a pat down of the passenger, Carlos Love, who appeared nervous. Defendant consented to a search of the vehicle. Officer Brett Tyson, a backup officer, arrived and opened the passenger side door. He saw a bag of marijuana on the floorboard of the passenger side. At this time, Love ran away, with Officer Nelson in pursuit.
Carlos Love testified at defendant’s trial. He stated that he was a habitual offender. At the time of the stop, Love was on parole from a 2006 seven-year sentence for possession of a firearm by a convicted felon. One of his previous convictions was possession with intent to distribute marijuana and ecstasy. He had no deal for his testifying but did so because his attorney told him “it wasn’t a deal but it would be in your best interest to testify.” Love testified that defendant picked him up from the Alexis Park apartment complex and asked Love to go with him to buy some marijuana. Love stated that when the two men met the dealer in Shreveport, defendant gave the money to Love, who passed it out of his car window to the dealer, |swho went into his house. The dealer came back with the marijuana, which he gave to Love, who put it under his seat for defendant. Love said the dealer’s street name was Malcolm.
Defense counsel agreed to the admission into evidence of the bags of marijuana found in defendant’s car. He also agreed to the admission of the crime lab certificate stating that the contents of one of the bags seized was in fact marijuana. Additionally, the state entered into evidence a videotape of the event taken from a camera on one of the police cruisers.
The court accepted Bossier Parish Sheriffs Officer Lt. Shawn Phillips as an expert in the determination of whether a quantity of marijuana was meant for personal use or for sale. Lt. Phillips testified that the marijuana found in defendant’s car was in four bags, two of which weighed approximately one pound apiece, one of which weighed 63 grams, and the other which weighed 13 grams. Lt. Phillips stated that the weight (approximately 2 lbs. combined) and the number of bags found indicated that the owner of the marijuana intended it for resale rather than for personal use.
Defendant testified. According to defendant, Love called him to ask for a ride home to Bossier. Defendant picked Love up from the Alendale neighborhood in
*611 Shreveport and on their way to the Alexis Park Apartments, the traffic stop occurred. Defendant claimed that the beer can was his, but he did not know that there was marijuana in the car and he did not make any stops before the traffic stop. Defendant testified that he had prior convictions for simple burglary and monetary instrument abuse.
l4On rebuttal, the judge allowed the state to ask witnesses about the smell of marijuana to counter defendant’s testimony that he did not know there was marijuana in his vehicle. Love testified that he could smell the marijuana in the courtroom, and the judge observed at the close of trial that he could smell it as well. Lt. Phillips stated that the smell emanating from such an amount of marijuana would have disclosed its presence to defendant. However, Officer Tyson admitted that, while he easily observed the marijuana on the floorboard of the car when he opened the door, he did not smell the drugs at that time.
In his reasons for ruling, the judge stated that he did not find either defendant or Carlos Love to be a credible witness because each man was motivated to testify against the other in an attempt to avoid conviction and habitual offender proceedings. The judge concluded that the intent to distribute the marijuana was established by the amount and packaging of the marijuana. The judge then found there to be constructive possession in that the marijuana could have easily been smelled by either occupant of the car and because Officer Tyson’s videotaped reaction upon seeing the marijuana when he partially opened the car door indicated that both men could have easily seen the drugs. The judge concluded that the state proved beyond a reasonable doubt that defendant possessed the marijuana, that he intended to distribute it, and that he was guilty of possession with intent to distribute.
At the sentencing hearing held on August 30, 2011, defendant was sentenced to 15 years at hard labor, to run consecutively with any other sentences. Trial court minutes added to the record indicate that the court |BIater adjudicated defendant to be a third felony habitual offender and increased his sentence to 20 years at hard labor. Defendant has challenged neither his sentence nor its enhancement, but has asserted that the evidence is insufficient to support his conviction.

Discussion

According to defendant, the state failed to prove either that he had possession or an intent to distribute the marijuana found in the vehicle.
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Tate, 01-1658 (La.05/20/03), 851 So.2d 921, cert, denied, 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004). This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Pigford, 05-0477 (La.02/22/06), 922 So.2d 517; State v. Dotie, 43,819 (La. App.2d Cir.01/14/09), 1 So.3d 833, writ denied, 09-0310 (La.11/06/09), 21 So.3d 297. The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442.
The trier of fact is charged to make a credibility evaluation and may, within the *612 bounds of rationality, accept or reject the testimony of any witness; the reviewing court may impinge on that discretion only to the | ^extent necessary to guarantee the fundamental due process of law. State v. Sosa, 05-0213 (La.01/19/06), 921 So.2d 94.
La. R.S. 40:966(A)(1) states in part that it is unlawful for any person knowingly or intentionally to produce, manufacture, distribute or dispense or possess with intent to produce, manufacture, distribute or dispense, a controlled dangerous substance or controlled substance analogue classified in Schedule I (which includes marijuana).
To support a conviction for possession with intent to distribute, the state must prove possession of the controlled dangerous substance and intent to distribute it. La. R.S. 40:967(A)(1); State v. Gladney, 29,791 (La.App.2d Cir.09/24/97), 700 So.2d 575; State v. Lee, 25,917 (La. App.2d Cir.05/04/94), 637 So.2d 656, writ denied, 94-1451 (La.10/07/94), 644 So.2d 631. One need not actually possess the controlled dangerous substance; constructive possession is sufficient to convict. State v. Gladney, supra; State v. Tyler, 544 So.2d 495 (La.App. 2d Cir.1989). Actual possession means having an object in one’s possession or on one’s person in such a way as to have direct physical contact and control of the object. State v. Sweeney, 443 So.2d 522 (La.1983); State v. Perez, 569 So.2d 609 (La.App. 2d Cir.1990), writ denied, 575 So.2d 365 (La.1991).
Constructive possession means having an object subject to one’s dominion and control, with knowledge of its presence, even though it is not in one’s physical possession. State v. Gladney, supra; State v. Perez, supra. Factors which may be considered in determining whether the defendant exercised dominion and control sufficient to constitute constructive dispossession are his access to the area where the drugs were found and his physical proximity to the drugs. State v. Glad-ney, supra; State v. Tyler, supra.
A person may be in constructive possession of a drug even though it is not in his physical custody, if it is subject to his dominion and control. Also, a person may be deemed to be in joint possession of a drug which is in the physical custody of a companion, if he willfully and knowingly shares with the other the right to control of it. Guilty knowledge is an essential ingredient of the crime of unlawful possession of an illegal drug. State v. Brisban, 00-3437 (La.02/26/02), 809 So.2d 923.
Five factors have been identified as useful in determining whether circumstantial evidence is sufficient to prove intent to distribute a controlled dangerous substance. These factors include: (1) whether the defendant ever distributed or attempted to distribute the controlled dangerous substances; (2) whether the drug was in a form usually associated with possession for distribution to others; (3) whether the amount of the drug creates an inference of an intent to distribute; (4) whether expert or other testimony established that the amount of drug found in the defendant’s possession is inconsistent with personal use; and (5) whether there was any paraphernalia, such as baggies or scales, evidencing an intent to distribute. State v. Cummings, 46,038 (La.App.2d Cir.01/26/11), 57 So.3d 499, writ denied, 11-0341 (La.06/17/11), 63 So.3d 1037; State v. Clark, 35,272 (La.App.2d Cir.12/05/01), 803 So.2d 280. Mere possession of contraband does not amount to evidence of intent to distribute unless the quantity is so large that | sno other inference is possible. State v. Greenway, 422 So.2d 1146 (La.1982).
In the present case, the state established that defendant was in constructive possession of the marijuana found in *613 his car. Both access and proximity were shown. Two large bags and two smaller bags of marijuana were found on the front passenger’s side floorboard in plain view within defendant’s reach. As observed by the trial court, the amount and smell of the marijuana was significant. Defendant who was the driver and owner of the car clearly had dominion and control over the marijuana.
As to the intent to distribute, the form of the drug, the amount of the drug and expert testimony that the amount is inconsistent with only personal use is compelling. Both the amount (over two pounds) and packaging (separation into multiple bags, two of which weighed a pound) of the marijuana indicated that its possessor(s) intended to distribute the drug. Additionally, the state’s expert witness testified that the amount and packaging indicated intent to distribute. The evidence in this case was sufficient to support the trial court’s guilty verdict under the Jackson v. Virginia standard.

Conclusion

For the reasons set forth above, defendant’s conviction and sentence are AFFIRMED.